Filed 9/25/25  P. v. Martinez CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THOMAS MARTINEZ,<br><br>    Defendant and Appellant. | A172385<br><br>(Sonoma County<br>Super. Ct. No. SCR7143751) |

In 2021, pursuant to a plea agreement, defendant and appellant Thomas Martinez (appellant) pleaded no contest to attempted murder (Pen. Code, §§ 664, 187, subd. (a))[1] and admitted a firearm enhancement (§ 12022.53, subd. (b)) and a great bodily injury enhancement (§ 12022.7, subd. (a)).  The remaining charges were dismissed, and the trial court sentenced appellant to an aggregate prison term of 20 years, pursuant to the agreement.  The sentence consisted of the midterm of seven years on the attempted murder count, ten years consecutive on the firearm enhancement, and three years consecutive on the great bodily injury enhancement.  Appellant did not appeal.

In October 2024, appellant filed a petition for resentencing pursuant to section 1172.75.  Appellant asked the trial court to "strike all legally invalid enhancements," including all "1 year and/or 3 year" enhancements, and to

_____

[1] All undesignated statutory references are to the Penal Code.

1

resentence him to a seven-year prison term. In a letter dated November 22 and addressed to appellant, the trial court stated, "The Court is in receipt of your Request for Recall of Sentence dated October 15, 2024. A review of your case reveals that none of the recent changes in the law you cite apply, and you are not entitled to resentencing. Additionally, pursuant to [section] 1172.1(c), the court takes no action on its own motion." Appellant appealed.

On appeal, appellant's counsel has filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, and appellant filed a supplemental letter brief. We "evaluate the specific arguments presented in that [supplemental] brief" (*id.* at p. 232) and affirm.

"Effective January 1, 2020, Senate Bill [No.] 136 [(2019–2020 Reg. Sess.)] amended section 667.5 by limiting imposition of the prior prison term enhancement to prior terms for sexually violent offenses. Then, in Senate Bill [No.] 483 [(2021–2022 Reg. Sess.)], effective January 1, 2022, the Legislature made the change retroactive, enacting section 1172.75, which provides in subdivision (a) that '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid.' " (*People v. Terwilligar* (2025) 109 Cal.App.5th 585, 595.) "The statute further establishes a mechanism to provide affected defendants a remedy for those legally invalid enhancements. Subdivision (b) of section 1172.75 directs the Secretary of the Department of Corrections and Rehabilitation (CDCR) and the correctional administrator of each county to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and . . . provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court

2

that imposed the enhancement.' (§ 1172.75, subd. (b).) . . . [¶] After the trial court receives [the information] from the CDCR and county correctional administrator . . . , 'the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a),' and if so, 'recall the sentence and resentence the defendant.' (§ 1172.75, subd. (c).)" (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380; see also *People v. Rhodius* (2025) 17 Cal.5th 1050, 1055.)

Appellant's judgment does not include an enhancement under section 667.5, subdivision (b), so he is not entitled to resentencing under section 1172.75. Appellant does not argue to the contrary in his supplemental letter. Instead, he argues he is entitled to relief under various statutes providing ameliorative relief that were enacted after his judgment was final. But appellant does not argue he was entitled to file a petition for resentencing under those statutes. Because appellant is not entitled to resentencing under section 1172.75, he is not entitled to relief under the more recently enacted provisions he identifies. Appellant fails to demonstrate error in the summary denial of his petition for resentencing.[2]

## DISPOSITION

The denial of appellant's petition for resentencing is affirmed.

SIMONS, J.

We concur.

JACKSON, P. J.
BURNS, J.

(A172385)

---

[2] To the extent appellant claims his sentence was illegal when it was pronounced, those claims were forfeited by his failure to appeal at the time.

3